## COURT OF SPECIAL SESSIONS — CITY OF NEW YORK.

### March 13, 1922.

## THE PEOPLE v. MAX M. WAKS.

BANKING LAW, SECTION 172—CARRYING MONEY TO PERSON IN FOREIGN COUNTRY.

   The taking of money given to an individual for the purpose of carrying and delivering it to another in a foreign country is not prohibited by section 172 of the Banking Law, forbidding the transmission of money or other valuables to foreign countries.

*Joab H. Banton, District Attorney.*

*Floyd H. Wilmot, Deputy Attorney-General* for Labor Department.

*Bernard Bloch,* for defendant.

FRESCHI, J.:

   Is the taking of money given to an individual for the purpose of carrying and delivering it to another in a foreign country prohibited by the provisions of section 172 of the Banking Law (Laws 1921, Chap. 350)? The statute applicable to the case at bar reads as follows:

   " Sec. 172. Violations of this article prohibited; penalty imposed. No individual, partnership or unincorporated association to which this chapter is applicable shall, after the thirty-first day of July, nineteen hundred and fourteen, engage in or continue in business in any city as a private banker unless the superintendent of banks shall have issued an authorization certificate to him or them and shall have filed such

certificate in his office, or shall have accepted and filed in his office the affidavit submitted by such private banker or bankers under the provisions of section one hundred and sixty of this article.

" Any individual, partnership or unincorporated association violating the provisions of this section shall forfeit to the people of the state the sum of two hundred dollars for every day after the aforesaid date that such individual, partnership or unincorporated association shall engage in or continue in business as such private banker or bankers and shall be guilty of a misdemeanor."

The facts charged on the complaint of the Labor Department are that the defendant did on May 18th, 1921, unlawfully engage in business as a private banker, without authorization and certificate required by the Superintendent of Banks of the State of New York, in receiving from one Jacob Rothstein at New York City, the sum of seventy-five dollars to be delivered to his father-in-law, Samuel Etenstein, at Stuchyn, Poland, and seven dollars and fifty cents for his (defendant's) own use for expenses on his trip abroad. This much of the averments is not disputed by the defendant. The allegation that the defendant advertised in the " Forward ", a newspaper published in New York City, upon which it is alleged Jacob Rothstein acted was not proven. Such proof might have made a vast difference in the case.

Counsel for defendant contends that the defendant is not a private banker within the meaning of the law. He argues that the word " transmission " in the above quoted Banking Law does not include the carrying of money as a bailee for delivery to a consignee in another country.

I must, with considerable reluctance, agree with this interpretation of the statute in this case, which takes the defendant out of the statutory definition of a " private banker."

A strict construction of the law under consideration requires

a ruling that its provisions regulate only the transmission of money or other valuables to foreign countries. Transmission must be distinguished from carrying and transferring.

For the reasons assigned at the close of the whole case, I vote to acquit and discharge the defendant.

Justice EDWARDS votes to acquit.

Justice HERBERT voted to dismiss the prosecution at the close of the People's case.

Defendant is accordingly acquitted.